**James STURGIS, Petitioner–Appellant,**

v.

**David MELIGAN; et al., Respondents–Appellees.**

No. 02–17216.

D.C. No. CV–01–00109–ECR/VPC.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 10, 2003.*

Decided Nov. 20, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Sturgis's request for oral argument is denied.

James Sturgis, pro se, Carson City, NV, for Petitioner–Appellant.

Richard A. Molezzo, AGNV–Office of the Nevada Attorney General, Carson City, NV, for Respondents–Appellees.

Before KOZINSKI, SILVERMAN, and TALLMAN, Circuit Judges.

### MEMORANDUM**

Nevada state prisoner James Sturgis appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 petition challenging the sentence imposed for his second-degree kidnaping conviction. We have jurisdiction pursuant to 28 U.S.C. § 2253 and we affirm.

Sturgis contends that the district court erred in dismissing his § 2254 petition as an abuse of the writ. We disagree. As an initial matter, Sturgis's instant petition is second or successive because he did not present the instant claim (then-unexhausted) in a prior petition. In the prior § 2254 proceedings, Sturgis stated that the claim was not part of the petition and requested the court to move forward, despite admonitions that he could be barred from later raising that claim. *Cf. Stewart v. Martinez–Villareal,* 523 U.S. 637, 643–44, 118 S.Ct. 1618, 140 L.Ed.2d 849 (1998) (holding that claim previously presented in prior habeas petition, but not adjudicated on the merits, was not second or successive); *see also Ortiz–Sandoval v. Clarke,* 323 F.3d 1165, 1169 (9th Cir.2003). The instant claim is not exempt from being second or successive on the ground that the prior petition was dismissed for procedural reasons. *See, e.g., Slack v. McDaniel,* 529 U.S. 473, 485–86, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (holding that habeas petition filed after an initial petition was dismissed for failure to exhaust is not second or successive). Sturgis's prior petition had not been dismissed; in fact, the district court observed that his first petition was still pending at the time of the instant petition.

Further, Sturgis does not assert that his claim relies on a new rule of constitutional law, nor can he argue that the underlying facts were not previously discoverable through due diligence. *See* 28 U.S.C. § 2244(b)(2). The identical claim was pending before the Nevada Supreme Court at the time of his prior § 2254 petition. Accordingly, the district court properly dismissed the petition as required. *See* 28 U.S.C. § 2244(b)(2).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

